IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jason H. Freeman, | ) | |
| | ) | C.A. No. 6:12-845-HMH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Equifax, Inc.; Experian Information | ) | |
| Services, Inc.; TransUnion, LLC; Audi | ) | |
| Financial Services, Inc., a/k/a VW Credit | ) | |
| Inc.; Steve White Audi of Greenville, | ) | |
| South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Steve White Audi's ("Steve White Motors")

and Defendant Trans Union, LLC's ("Trans Union")[1] motions to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6). Steve White Motors maintains that it is entitled to dismissal

as a party because the complaint fails to allege a plausible claim of relief against it. Trans Union

seeks dismissal of Plaintiff's claims for injunctive relief. For the reasons that follow, Steve

White Motors' motion is denied and Trans Union's motion is granted.

I. FACTUAL AND PROCEDURAL BACKGROUND

Jason H. Freeman ("Freeman") purchased an Audi A4 2.0T Cabriolet automobile from

Steve White Motors on March 30, 2007. (Compl. ¶ 11.) He alleges that in the six months

following his purchase of the automobile, it had to be returned on five occasions for mechanical

---

[1] The complaint incorrectly names Defendant Steve White Motors of South Carolina, LLC as "Steve White Audi of Greenville, South Carolina" and Defendant Trans Union, LLC as "TransUnion, LLC." The court refers to the parties' proper names throughout this order.

1

repairs. (Id. ¶ 12.) Despite Steve White Motors' attempt to repair the automobile, Freeman contends that it remained "both unsafe and unfit to drive," and he returned it to Steve White Motors on August 30, 2009.

According to the complaint, after Freeman returned the vehicle, he "learned that Steve White and VW Credit had maliciously and wrongfully submitted inaccurate credit information against Mr. Freeman to the consumer reporting agencies." (Id. ¶ 19.) The complaint further alleges that despite Freeman's request that the false and inaccurate credit information be corrected, "Defendants have refused to provide and uphold their ethical and legal obligations by failing to act and investigate Mr. Freeman's allegations of the disputed credit information." (Id. ¶ 20.) On January 13, 2012, Freeman commenced this civil action, alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Steve White Motors subsequently filed a motion to dismiss, arguing that the allegations in the complaint fail to state a plausible claim for relief against it under the FCRA. Trans Union also filed a Rule 12(b)(6) motion, contending that the FCRA does not authorize Freeman's claims for injunctive relief. The parties have fully briefed the issues, and these matters are ripe for review.

## II. DISCUSSION OF THE LAW

### A. Standard of Review

When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Under this plausibility standard, the court must "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. While a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although the court must consider all well-pled factual allegations in a complaint as true, the court need not "accept as true a legal conclusion couched as a factual allegation." Id.

### B. Steve White Motors' Motion

The FCRA imposes distinct duties on three types of entities: consumer reporting agencies ("CRA"), users of consumer credit reports, and furnishers of debt information to CRAs. Wenner v. Bank of Am., N.A., 637 F. Supp. 2d 944, 951 (D. Kan. 2009). Furnishers have two duties under the FCRA. Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 149 (4th Cir. 2008). First, they have a general obligation to report only accurate information to CRAs. 15 U.S.C. § 1681s-2(a). Second, they have a duty to verify the sufficiency and accuracy of reported information upon receipt of notice of a dispute from a CRA. § 1681s-2(b).

The complaint broadly alleges that Steve White Motors has "failed to comply" with the FCRA by furnishing inaccurate information to CRAs. (Compl. ¶ 24.) Also included in the complaint are allegations that Freeman informed the Defendant CRAs that Steve White Motors furnished false information but that Steve White Motors has failed to act upon and investigate Freeman's complaint of the allegedly false credit information, thereby violating its duty under

3

§ 1681s-2(b).  (Id. ¶¶ 20, 22.)  Steve White Motors maintains that these factual allegations are insufficient to state a plausible claim of relief under the FCRA.

With respect to its duties arising under § 1681s-2(a), Steve White Motors correctly argues that no private right of action exists for a violation of this provision of the FCRA, and that these duties instead can be enforced only by government officials.  See Barberan v. Nationpoint, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010).  Freeman, therefore, is unable to base an FRCA claim against Steve White Motors on § 1681s-2(a).  Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011).

Steve White Motors next argues that it should be dismissed as a party because the complaint lacks any allegation that it ever received notice of a dispute from a CRA, a prerequisite to trigger its duties under § 1681s-2(b).  See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) (explaining that a furnisher's duties under § 1681s-2(b) "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)"). The United States Court of Appeals for the Seventh Circuit has explicitly rejected the proposition that a complaint must allege a triggering CRA notice to survive a Rule 12(b)(6) motion.  Lang v. TCF Nat'l Bank, No. 07-1415, 2007 WL 2752360, at *2 (7th Cir. Sept. 21, 2007) (unpublished).  The Seventh Circuit reasoned that the "FCRA does not require a CRA to tell a *consumer* when it notifies a *furnisher of information* about the consumer's dispute," and consequently, a plaintiff "may not, at the time of filing a complaint, be in a position to allege that notification."  Id.  Instead, the court held that a plaintiff states a plausible claim for relief under § 1681s-2(b) by alleging (1) that the plaintiff notified a CRA that the defendant furnished

false information; (2) that the defendant-furnisher refused to investigate or correct the false report after learning of the alleged error; and (3) that it thereby violated the FCRA. Id.

Applying Lang to the allegations in Freeman's complaint, the court concludes that he has stated a plausible claim for relief. Freeman alleges that he notified the Defendant CRAs that Steve White Motors furnished false and inaccurate credit information. (Compl. ¶ 22.) Notwithstanding this notification, he further alleges that Steve White Motors violated the FCRA by "failing to act on and investigate [his] allegations of the disputed credit information." (Id. ¶ 20.) Although Freeman ultimately must show that a CRA provided Steve White Motors notification of a dispute, these factual allegations suffice to state a plausible claim for relief under § 1681s-2(b). Based on the foregoing, Steve White Motors' motion to dismiss is denied.

### C. Trans Union's Motion

Trans Union contends that Freeman's claims for injunctive relief should be dismissed because the FCRA does not permit individual plaintiffs to obtain injunctive relief. Although the Fourth Circuit has not addressed this issue, the clear weight of authority holds that injunctive relief is available under the FCRA only in suits brought by the Federal Trade Commission ("FTC"). Clark v. Saxon Mortgage Co., Civil Action No. 11-0065-JJB-SCR, 2011 WL 2682435, at *2 (M.D. La. July 8, 2011) (unpublished) (recognizing that this conclusion has been embraced by "the vast majority of federal courts"). The Fifth Circuit is the only appellate court to address this issue, concluding that the statute's explicit conferral to the FTC of the power to obtain injunctive relief and its lack of a comparable provision permitting individual plaintiffs from seeking such relief when they are expressly granted the right to obtain damages, manifests a clear negative inference that injunctive relief is not available for private plaintiffs under the

FCRA.  Washington v. CSC Credit Servs., Inc., 199 F.3d 263, 268 (5th Cir. 2000); see also Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 542 (1987) (explaining that a district court lacks authority to award injunctive relief when Congress "by a necessary and inescapable inference" forecloses such relief).  District courts within the Fourth Circuit have followed the approach of the Fifth Circuit, see, e.g., Domonoske v. Bank of America, N.A., 705 F. Supp. 2d 515, 518 (W.D. Va. 2010), explaining that "[w]hile the FCRA does not expressly prohibit injunctive relief, Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy" for individual plaintiffs.  Bumgardner v. Lite Cellular, Inc., 996 F. Supp. 525, 527 (E.D. Va. 1998).  The court finds these authorities persuasive and concludes that Freeman's claim for injunctive relief must be dismissed.

Based on the foregoing, the court denies Steve White Motors' motion to dismiss and grants Trans Union's motion to dismiss.

It is therefore

**ORDERED** that Steve White Motors' motion to dismiss, docket number 7, is denied. It is further

**ORDERED** that Trans Union's motion to dismiss injunctive relief claims, docket number 12, is granted.

**IT IS SO ORDERED.**

                                                                    s/Henry M. Herlong, Jr.
                                                                    Senior United States District Judge

Greenville, South Carolina
June 28, 2012